**HANOVER INSURANCE COMPANY,**
**Plaintiff,**

v.

**DRAKE MARINE and/or Shulman Air Freight, Inc. and/or Shulman, Inc. and/or Shulman Transport Co. and/or John Doe, Defendants.**

**Civ. No. 74–531.**

United States District Court,
D. Puerto Rico.

Feb. 9, 1977.

Charles A. Cordero, Santurce, P. R., for plaintiff.

A. Rivera Valdivieso, Hato Rey, P. R., for defendants.

## OPINION AND SUMMARY JUDGMENT

PESQUERA, District Judge.

The above case is a subrogation action by Hanover Insurance Company who claims it was caused to pay its insured the sum of $8,346.62 for damages to a C–45 Bliss Press damaged during a shipment from New York to San Juan, and to expend the sum of $125.00 in survey fees. Defendants Shulman Transport Enterprises, Inc., Shulman, Inc. of Puerto Rico, and Drake Motor Lines, Inc. initially denied the pertinent parts of the complaint but at a status conference held on April 3, 1975 before Magistrate John M. García they admitted the essential elements of the complaint, and the parties stipulated that the sole issue for this court to resolve was the applicability of the limitation of liability clause under law and under the contract.

Defendants claim they can only be liable under the limitation of liability clause of the shipping contract for the sum of $50.00, or in the alternative that they are liable only for $500.00 under the $500.00 "per package" limitation of liability provision found in the Carriage of Goods by Sea Act (COGSA) 46 USC 1304(5).

After the court ordered the parties to submit their briefs on this issue, defendants attached to their brief a copy of document titled "General Rules and Regulations of Ocean Freight Tariff No. FMC–F–1" and plaintiff countered with a Motion for Summary Judgment attaching thereto sworn affidavits.

From the documents in the court's file, the answer to the complaint, and the stipulations made by the parties, the court is now in a position to issue findings of fact, conclusions of law and render judgment.

### Findings of Fact

1. Plaintiff is an insurance corporation duly authorized to do business within Puerto Rico, having its principal place of business away from Puerto Rico, and on or about November 19, 1973 plaintiff insured a C–45 Bliss Press Machinery that was being shipped from New York to San Juan, Puerto Rico.

2. The Bliss Press shipped from New York to San Juan by plaintiff's insured weighed over 1,000 pounds, was shipped in open view, unboxed, was not wrapped or crated, and did not have any type of shipping skids.

3. Defendants received the aforesaid Bliss Press in good condition and during the shipment of same caused damages to said machinery in the sum of $8,221.62. Plaintiff was caused to expend the sum of $125.00 in survey fees resulting from the aforesaid loss. The damage to the C–45 Bliss Press was caused by the negligence of the defendants and/or their employees and agents, and occurred while in the custody of said defendants.

### Conclusions of Law

■ This dispute is governed by the provisions of the Carriage of Goods by Sea Act (COGSA), 46 USC 1300 et seq.

Pursuant to the provisions of 46 USC 1303(8), "ANY clause . . . relieving the carrier or the ship from liability for loss or damage . . . OR LESSENING such liability . . . shall be null and void and of no effect".[1]

■ This Court accepts the representation by plaintiff that the $50.00 limitation clause in the bill of lading was approved by the Federal Maritime Commission. Notwithstanding, an administrative agency has only such powers as may have been conferred upon it by law, and such an agency must act within the granted authority for an authorized purpose. An agency may not validly act in excess of its powers, and it does not have any discretion whatsoever to disobey a valid statute. A federal agency such as the Federal Maritime Commission, does not have power to override, or act contrary to a specific statute passed and approved by Congress. See generally 2 AmJur 2d, Administrative Law, Section 188, and subsequent sections. Thus, defendants' reliance on their limitation of liability clause found in the bill of lading is unfounded.

■ Pursuant to the provisions of law found in 46 USC 1304(5)[2] a carrier such as

1. 46 USC 1303(8) reads as follows:
   "Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this Act, shall be null and void and of no effect. A benefit of insurance in favor of the carrier, or similar clause, shall be deemed

to be a clause relieving the carrier from liability."

2. 46 USC 1304(5) reads as follows:
   "Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the

defendants that cause damage to cargo shall not be liable for more than the sum of $500.00 *per package* unless a higher value is declared. Thus, the law pre-supposes that a "package that is shipped does not give the carrier an opportunity to inspect the shipment and therefore limit the carrier's liability to $500.00 per package. However, when machinery or equipment is uncrated, unboxed and shipped in the open, the $500.00 "per package" limit of liability does not apply since machinery shipped in that manner is not considered a package; *Hartford Fire Insurance Company v. Pacific Far East Line, Inc.* (9th Cir. 1974) 491 F.2d 960; *General Motors v. Moore McCormick Lines, Inc.,* 327 F.Supp. 666 (S.D.N.Y.) Aff'd per curiam 451 F.2d 24 (2d Cir. 1971); *Gulf Italia Company v. American Export Lines* (2d Cir. 1959) 263 F.2d 135; *Caterpillar Americas v. S. S. Searoads,* 231 F.Supp. 647 (S.D.Fla.1964), hence the carrier in cases such as the instant action is liable for all of the damages caused.

## JUDGMENT

In view of the aforesaid findings of fact and conclusions of law, judgment shall be entered in favor of plaintiff and against defendants for the sum of $8,346.62 plus the costs of this action.

equivalent of that sum in ·other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed; Provided, That such maximum shall not be less than the figure above named. In no event shall the carrier be liable for more than the amount of damage actually sustained.

Neither the carrier nor the ship shall be responsible in any event for loss or damage to or in connection with the transportation of the goods if the nature or value thereof has been knowingly and fraudulently misstated by the shipper in the bill of lading."